IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISON

| | | |
|---|---|---|
| MICHAEL DANIEL GOREN, | ) | CASE NO. 5:18 CV 1344 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | **MEMORANDUM OPINION &** |
| Defendant. | ) | **ORDER** |

## Introduction

Before me[1] is an action by Michael Daniel Goren under 42 U.S.C. § 405(g) for

judicial review of the final decision of the Commissioner of Social Security denying his

application for disability insurance benefits.[2]  Substantial evidence supports the ALJ's no

disability decision and, therefore, it is affirmed.

## Issue Presented

Goren presents two issues, neither of which are dispositive:

- The ALJ found that Goren's impairments did not meet or equal Listing 4.02. Does substantial evidence support that finding?

- The ALJ gave the opinion of Dr. Patricia Bush, the state agency reviewing physician on reconsideration, considerable weight for the period ending in August 2008 but little weight for the period from August to September 2008. Dr. Bush opined that Goren could perform light work up until August 2008.  The worsening of his cardiac condition increased his limitations to the extent that he

---

[1] ECF No. 19.  The parties have consented to my exercise of jurisdiction.
[2] ECF No. 1.

could only do sedentary work from August 2008 until his date last insured in September 2008. Does substantial evidence support the weight assigned to Dr. Bush's opinion for the period from August to September 2008?

## Analysis

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. . . ." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"

> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[3]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the

---

[3] *Buxton v. Halter*, 246 F.3d 762, 772-73 (6th Cir. 2001) (citations omitted).

2

Commissioner survives "a directed verdict" and wins.[4]  The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[5]

I will review the findings of the ALJ at issue here consistent with that deferential standard.

As to Goren's listing argument, Listing 4.02 consists of two sections.  Section A requires an ejection fraction of less than 20%.  The Commissioner concedes that testing shows a qualifying ejection fraction.  Section B requires that chronic heart failure must result in one of three conditions: persistent symptoms of heart failure; three or more separate episodes of acute congestive heart failure within a 12-month period; or inability to perform an exercise tolerance test at a workload equivalent of 5 METS or less.  At oral argument, Goren's counsel conceded that the evidence does not support any of the Section B conditions.  He vaguely made an "equals" argument, but he did not brief that argument.  Goren's listing argument is without merit.

Turning to the ALJ's treatment of Dr. Bush's opinion, even assuming Goren is right on this issue, it begs the question of whether he had a 12-month period of disability.  Given his age, Goren would grid out at sedentary.  But his date last insured was September 30, 2008.  And an examination by his treating physician, Dr. Francis, noted worsening of his

---

[4] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06CV403, 2008 WL 399573, at *1 (S.D. Ohio Feb. 12, 2008).
[5] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

condition took place on August 20, 2008. These examination findings formed the basis for Dr. Bush's opinion upon which Goren relies.

Nevertheless, within less than a year, on July 6, 2009, Goren had ICVD[6] and CRT[7] devices implanted[8] and showed much improvement thereafter. It appears, therefore, that Goren did not have a disability for the required 12-month period.

Neither party recognized this problem in their briefs. Counsel admitted at oral argument that if Goren's condition had improved after the implants, he would not have a qualifying disability. I allowed the parties to file supplemental briefs on this issue, which they did.[9]

Goren's counsel stated, "It is respectfully submitted that [July 6, 2009] is approximately six weeks shy of the twelve month required period of disability after the onset date of August 20, 2008. It is submitted that it is unlikely that the claimant improved within that six-week period."[10] But this is nothing more than speculation on counsel's part. And the evidence Goren cites in support of his position in his supplemental brief post-date both his date last insured and his implant surgery by several years. Furthermore, there is

---

[6] Also known as "ICD" or Implantable cardioverter defibrillator. American Heart Association, https://www.heart.org/en/health-topics/arrhythmia/prevention--treatment-of-arrhythmia/implantable-cardioverter-defibrillator-icd(last visited May 6, 2019).

[7] Cardiac Resynchronization Therapy. American Heart Association, https://www.heart.org/en/health-topics/heart-failure/treatment-options-for-heart-failure/cardiac-resynchronization-therapy-crt?s=q%253DCRT%2526sort%253Drelevancy (last visited May 6, 2019).

[8] ECF No. 9, Transcript ("Tr.") at 778, 805, 1133.

[9] ECF Nos. 22 (Goren's supplemental brief), 23 (Commissioner's supplemental brief).

[10] ECF No. 22 at 4.

additional information in the record from around this same time that reflects an improvement in Goren's condition after the ICVD and CRT devices were implanted.

Goren bears the burden of proof at Steps One through Four in proving a disability, and he has not met that burden here. Under the deferential standard given to the ALJ's decision, the ALJ was within the zone of choice and substantial evidence supports the ALJ's findings. Therefore, the ALJ's decision must be affirmed.

## Conclusion

Substantial evidence supports the ALJ's no disability finding. The ALJ's decision, therefore, is affirmed.

IT IS SO ORDERED.

Dated: May 7, 2019                    s/ William H. Baughman, Jr.
                                      United States Magistrate Judge